## GRATON, Appellant, v. HOLLIDAY-KLOTZ LAND AND LUMBER COMPANY.

### Division Two, June 6, 1905.

1. **ABSTRACT: Filing Bill: Recital.** It is not necessary that the order of the court showing leave to file a bill of exceptions be set forth in the abstract in full; the abstract is sufficient in that respect if it contains a recital of the date of the order, that it was made at the same term the motion for new trial was overruled, the time within which it was to be filed, and the date of its approval and the date of its filing within that time.

2. **QUIETING TITLE: Scope of Statute: Title To Be Shown.** The statute for quieting titles to land (sec. 650, R. S. 1899) does not require plaintiff to establish an indefeasible title against the whole world. By its terms no right or title can be litigated except such as may be asserted by the plaintiff and the defendant respectively, and no one can be bound by a decree in a suit brought thereunder except parties to the suit. Its purpose is to supplement the old equitable remedy of removing cloud upon title, and it is much more comprehensive in its scope.

3. ——: ——: **Plaintiff's Showing: Common Source.** In a suit to quiet title it is not incumbent on plaintiff, if he and defendant claim title through a common source, to show an indefeasible title in himself from the Government down; it is sufficient if plaintiff shows that he is the owner of a better title through the common source than defendant can show through the same source, and if he can show that he is the owner of that title and that defendant claims through a void tax deed, he is entitled to recover.

4. ———: **Tax Deed: No Acknowledgment.** A sheriff's deed in a sale of lands for taxes is void unless acknowledged as required by law. The clerk's certificate of acknowledgment indorsed upon the deed is an essential part of it. And where the clerk does not sign the certificate there is no acknowledgment.

5. ———: ———: **Introduced by Plaintiff.** In a suit to quiet title, where plaintiff and defendant are claiming under a common source of title, the introduction of a sheriff's deeds for taxes to defendant, which is void because not acknowledged, does not show title in defendant. It simply shows that the only claim of title of which plaintiff was advised that defendant claimed in the land was the void sheriff's deed.

6. ———: **Burnt Records: Parol.** Where it has been established that the records of prior conveyances were destroyed by fire, it is competent to show by parol evidence, after proof of diligent search for such prior deeds and failure to find them, the existence of such deeds.

7. ———: **Tax Deed: Wrong Name: Service By Publication.** Where the petition in a tax proceeding alleged that Henry C. Grafton was a non-resident and service was by publication only, to Henry C. Grafton, the purchaser at the sheriff's sale does not acquire the title of Henry C. Graton.

8. **IDEM SONANS: Grafton and Graton.** Applying the rule "that names are *idem sonans* if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long-continued usage has by corruption or abbreviation made them identical in pronunciation," it is *held* that Graton and Grafton are not *idem sonans*.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*Lee W. Grant* and *Pierre B. Kennedy* for appellant.

A suit under section 650 is, from the language of the statute itself, necessarily an equitable proceeding. Hall v. Kellog, 16 Mich. 135. "In a bill to quiet title it is sufficient for plaintiff to make out a title apparently good as against defendant." Rayner v. Lee, 20 Mich. 384; Loomis v. Roberts, 57 Mich. 284. Tax pro-

ceedings are of no force or effect to convey the interests of parties not made parties to the suit. Whelen v. Weaver, 93 Mo. 430. No one is served by publication who is not correctly named. Chamberlain v. Blodgett, 96 Mo. 482; Troyer v. Wood, 96 Mo. 478. The certificate of acknowledgment by a sheriff to a deed must be within and of itself complete, and no extrinsic evidence can be invoked to eke out its recitals. McClure v. McClurg, 53 Mo. 173. Sheriff's deed must be acknowledged in open court and the acknowledgment endorsed by clerk on the deed. Allen v. King, 35 Mo. 216; R. S. 1899, sec. 3211. Certified copies of sheriff's deeds are admissible in evidence without proof of loss or inability to produce the original deed. R. S. 1899, sec. 3213; Hammond v. Johnston, 93 Mo. 198.

*James F. Green* and *John H. Raney* for respondent.

(1) No order of the court is set forth in the abstract or transcript showing that such order was made, and, in the absence of the order itself, the court cannot presume that the bill of exceptions was filed in time, and, therefore, the court might well refuse to consider the alleged errors complained of by plaintiff. (2) The persons named in the tax judgment were prima facie the owners of the land in controversy, and it devolved upon the plaintiff, in order to recover, to overthrow this prima facie case in favor of defendant's deed, and to show that the parties sued were not the owners of the land. R. S. 1899, sec. 3150. Plaintiff objects in this court to defendant's deed, which was offered on part of the plaintiff, and to which no objection was made by defendant. He contends that this deed is void because the acknowledgment is defective. No objection was made to the introduction of the deed, and it was offered as a part of plaintiff's case. It is not void because, even, if lacking an acknowledgment, such defect may be cured by proper proceedings in the

court where the deed was acknowledged and a perfect title pass if the judgment, upon which the deed is based, is valid. R. S. 1899, secs. 3211 to 3214; Bayard v. Hospital Ass'n, 116 Mo. 419. (3) Nor is the deed absolutely void in so far as it purports to convey plaintiff's title. Grafton and Graton are *idem sonans,* and the order of publication, in the name of Henry C. Grafton, is good. State v. Wilkerson, 13 Mo. 91; State v. Havely, 21 Mo. 498; State v. Blankenship, 21 Mo. 504; Houx v. Batteen, 68 Mo. 84; State v. Pullins, 81 Mo. 387; Cato v. Hudson, 7 Mo. 142; State v. Hudson, 15 Mo. 512; Gresham v. Walker, 10 Ala. 370; Jeffries v. Bartlett, 75 Ga. 230; Barnes v. People, 18 Ill. 52; Belton v. Fisher, 44 Ill. 32; Williams v. Hitzie, 83 Ind. 303; Geer v. Lumber Co., 134 Mo. 85; Simonson v. Dolan, 114 Mo. 179. In the case at bar, plaintiff's name appears in the petition as Graton; in the order of publication as Grafton. In each his name is joined with the names of all of the parties through whom he claims title, and this, coupled with the fact that the land upon which it is sought to enforce the tax lien is described in the order of publication, ought to be held sufficient notice. (4) A judgment for taxes, if brought against the right parties, is conclusive of all questions as to the amount of taxes due, regularity of the assessment, etc., and such judgment cannot be contested as to any matters which might have been shown in defense in an action for taxes. Stephenson v. Black, 168 Mo. 549. The action under section 650, Revised Statutes 1899, is a statutory proceeding, and not a purely equitable one, and in a proceeding under said section, plaintiff must establish a right to recover by showing a better title than defendant, otherwise the action fails. He is not entitled to a decree directing defendant to establish his title. Meriwether v. Love, 167 Mo. 514.

GANTT, J.—This is an appeal from a judgment of the circuit court of Wayne county. The action is brought under section 650, Revised Statutes 1899.

The petition, in substance, states that the defendant is and was at the times hereinafter mentioned, a corporation, duly organized and existing according to law; that plaintiff is and has for a long time past been the owner in fee simple of the following real estate in Wayne county, to-wit, the southeast one-fourth, and the west one-half of southeast one-fourth, of section thirty-four, township thirty, in range six, consisting of two hundred and forty acres; that defendant claims to have some title, estate or interest in said property adverse to the title and interest of this plaintiff.

The prayer of the petition is that the court ascertain and determine the estate, title and interest of the plaintiff and defendant herein, and by its judgment and decree define and adjudge the title, estate and interest of plaintiff. The answer was a general denial, coupled with the averment that the title was well vested in the defendant. On February 3, 1902, judgment was entered dismissing plaintiff's bill. Within due time plaintiff filed a motion for a new trial, which was heard and overruled and exceptions duly saved. Plaintiff was allowed ninety days from February 4, 1902, within which to file a bill of exceptions, and on the 29th of April, 1902, the bill of exceptions was filed.

At the outset the point is made by the respondent that the abstract is insufficient, because the order of the court showing the leave to file the bill of exceptions is not set forth in full, but that there is simply a recital thereof. The abstract recites that on February 4, 1902, and during the same term at which the judgment was rendered, plaintiff was granted ninety days in which to file a bill of exceptions, and that on April 25, 1902, the bill of exceptions was signed and sealed, and on April 29, 1902, was filed in vacation.

This was sufficient under the rulings of this court in McDonald v. Hoover, 142 Mo. 484, and Ricketts v. Hart, 150 Mo. 64.

The circuit court at the close of plaintiff's evidence sustained a demurrer to the evidence, and dismissed the bill, and this action of the court presents the sole question for determination at this time. The unfortunate burning of the Wayne county court house, and of all the records of deeds in 1892, places the plaintiff in a very awkward situation.

Plaintiff offered and read in evidence a deed from H. M. Hedden and wife to plaintiff, conveying the land in question in the ordinary form of a warranty deed. This deed was executed and acknowledged on the 4th day of January, 1895, before Roswell E. Grow, a notary public within and for the county of Arapahoe, Colorado. This deed was duly filed for record on the 7th of January, 1895, in the recorder's office of Wayne county, Missouri.

The plat of original entries of Wayne county was offered and read in evidence, from which it appears that Wm. R. Orrick was the original patentee of the land in question on the 10th day of September, 1859. H. M. Hedden testified on behalf of the plaintiff that he was a resident of Denver, Colorado, and a merchant by occupation; that prior to his going to Denver, he lived or resided in Worcester, Massachusetts, and had resided there about twenty-five years; that he was the H. M. Hedden who sold the land in controversy to the plaintiff, Henry C. Graton, and made the deed above referred to; that he bought this land in November, 1875, from one Reuben Spaulding, by giving in exchange therefor certain houses in Worcester county, Massachusetts; that he owned the land in suit from 1875 to 1894 when he sold the same to Graton, the plaintiff. The land was timber land; that he paid all the taxes on the said land from 1875 to 1894, and had the old patent from the Government to Orrick; that he had

in his possession the deed from Spaulding to himself when he sold to Graton, and that it was his best recollection that he sent the deed from Spaulding to himself to Graton, with the abstract and all the papers pertaining to the land; that he also had a deed from L. B. Greenman to Reuben Spaulding, and believes that he sent that also to Graton; that he had made diligent search for all these deeds and could not find them; that he never had a deed from Orrick, the original patentee to Henry J. Martin, nor from Martin to Greenman.

The plaintiff Graton testified that he was seventy-seven years of age, and resided in Worcester, Massachusetts, where he had lived fifty years; that he had known Horace M. Hedden for twenty years; that in January, 1895, he bought this land from Hedden, and received from him the warranty deed already referred to. At the time he received his deed from Hedden he obtained from him a paper marked "Abstract of Title," which he attached to his deposition as an exhibit; that this paper and the deed were the only ones that he remembered receiving from Hedden; that if Hedden gave him any other deeds they had been lost, because after diligent search he could not find them; that he knew Reuben Spaulding, and that he formerly lived in Worcester, but had been dead over twenty years, and his widow died eighteen years ago; that he had made inquiries concerning the other grantors, Greenman and Martin, and had been unable to find anything concerning them, except Mr. Spaulding; that after purchasing the land from Mr. Hedden he had never sold or conveyed it, or in any way disposed of his interest in said lands; that in September, 1896, he paid the collector of Wayne county the taxes assessed on the said land for the years 1895 and 1896; and in October, 1897, paid the taxes for 1897, and in January, 1899, paid the taxes for 1898, on the same land and attached the said tax receipts to his deposition; that in September, 1896, he inquired of the collector of Wayne county as to what

taxes were due and unpaid on the property, and was not informed that any were due and unpaid; that in October, 1898, he first learned that this property was sold in or near March, 1898, at sheriff's sale to the defendant, for the taxes of 1894; that he never knew of or had any knowledge, or any notice of the suit, or the advertisement for the sale of the land for the taxes of 1894, until October, 1899; that the collector did not even notify him that the property had been sold for taxes.

The plaintiff introduced a sheriff's deed from Claiborn Barnes, sheriff of the county of Wayne, to the defendant, which recites that on the 21st day of March, 1898, judgment was rendered in the circuit court of Wayne county, in favor of the State of Missouri, at the relation and to the use of John K. Lawrence, Collector of the revenue of Wayne county, against W. Reener Orrick, Henry J. Martin, Lysander B. Greenman, Reuben Spaulding, Horace M. Hedden and Henry C. Graton, for the sum of ten and twenty one-hundredths dollars, for certain delinquent taxes on the lands in suit, for the year 1894, and certain costs to the amount of $34.65, which judgment was declared to be a lien upon said real estate for said taxes and costs, and the said deed further recited that a special execution and order of sale was issued from the clerk's office of said court, in favor of the State of Missouri to the use of said collector and against the said defendants above named, and dated June 10, 1898, directed to the sheriff of Wayne county, directing him to sell said real estate to satisfy such judgment, interest and costs, and that on said 10th day of June, 1898, the said sheriff levied upon said real estate and having advertised the same for twenty days, he did on the 2d day of August, 1898, agreeably to said notice at the court house door in the county of Wayne, and during the session of the circuit court at the August term, thereof, 1898, expose said land to sale at public auction, and the Holliday-

Klotz Land and Lumber Company, being the highest bidder for said real estate, it was struck off and sold to said company for the sum bid therefor, and in consideration of the sum of fifty dollars to the said sheriff paid by the said company, he assigned, transferred and conveyed to the said Holliday-Klotz Land and Lumber Company all of said real estate by virtue of the aforesaid judgment, execution and notice, which said deed was dated August 2, 1898.

On the said deed was the following acknowledgment:

"In the Circuit Court,

"State of Missouri, ⎱
County of Wayne. ⎰ ss.

"Be it remembered, that on this third day of August, in the year of our Lord, 1898, before the Hon. J. F. Green, judge of the circuit court in the county aforesaid, came into open court, Claiborn Barnes, personally known to the said judge to be the same person whose name is subscribed to the foregoing instrument of writing, as having executed the same as sheriff, and also known to be the sheriff of the county of —— aforesaid, and then and there in open court, before the said judge, acknowledged the said instrument to be his act and deed for the purposes therein mentioned, this certificate of acknowledgment being ordered by the said court to be endorsed by the clerk on this deed.

"In testimony whereof, I ————, clerk of our said court, have hereunto set my hand and affixed the seal of our said court.

"Done at office at ————, in the county aforesaid,

——————, clerk.

"Filed for record this second day of September, A. D. 1899, at 11:30 a. m.

"W. L. MATTHEWS, Recorder."

Which deed was filed for record the second day of September, 1899, at 11:30 a. m. The court over the objection of the defendant excluded all of the deposition of Horace M. Hedden, as to his purchase and sale of the land, and possession of the patent, and deeds as above noted.

Plaintiff also offered in evidence the files of the court in the tax proceedings, showing the order of publication made in the said cause, wherein all the defendants above named, except the plaintiff, Henry C. Graton, are set forth as recited in the deed, and Henry C. Graton are named as the defendants, and the said defendants were notified to appear on the first Monday in February, 1898, in the circuit court of Wayne county, to plead, answer or demur to plaintiff's petition, or the same would be taken as confessed and judgment rendered accordingly. It should be noted also that in the petition in the said suit, plaintiff states that W. Reener Orrick, Henry J. Martin, Lysander B. Greenman, Reuben Spaulding, Horace M. Hedden and Henry C. Graton are not residents of the State of Missouri. The foregoing in substance constituted the evidence on behalf of the plaintiff.

I. The circuit court held that the plaintiff had not established any title, legal or equitable, and dismissed the bill and rendered judgment for the defendant, and this ruling presents the one question for our decision. Section 650 of the Revised Statutes of Missouri, provides: "Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define

and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.''

It is to be observed that by the language of the enactment the controversy is limited to the respective claims of the parties to the action. The statute does not require that the plaintiff shall establish an indefeasible title against the whole world. The statute does not authorize a proceeding which would make the decree operate as a judgment *in rem*. By its terms no right or title can be litigated save and except such as may be asserted by the plaintiff and the defendant *respectively,* and a decree under the statute would not be binding against strangers to the title and party to the suit. This section has often been before this court since its enactment, and the statute has been given a highly remedial and beneficial construction. Its purpose clearly is to supplement the old equitable remedy of removing cloud upon title and is much more comprehensive in its scope. [Huff v. Land & Improvement Company, 157 Mo. 65; Garrison v. Frazier, 165 Mo. 40; Ball v. Woolfolk, 175 Mo. 278.]

Under a similar but more restricted statute than ours, section 3490, II Compiled Laws of 1857 of Michigan, by which any person having possession may institute a suit against another person setting up a claim thereto in opposition to the title claimed by the complainant and require the defendant to establish his title to such land, it was ruled in Hall v. Kellogg, 16 Mich. l. c. 138, that the complainant was only bound to make out a case as against the defendant and ''would not be required to make proof of title beyond that which, when establishing a presumptive case, had not been met by any proofs adequate to shake or destroy it.'' The contention in that case was that the statute required the complainant to establish his title by clear and satisfactory proof. In answer to this contention the Supreme Court of that State said: ''If a bill under the

statute in question could be filed against all possible parties, so as to make the decree operate as a decree *in rem,* to quiet the title against all the world, there would be great force in this objection, and it would be necessary to decide what amount of proof would suffice to shut out any adverse propositions or possibilities. But we have already decided in Hunton v. Platt, 11 Mich. 264, that a bill seeking to bring in defendants having distinct and disconnected adverse claims would be multifarious. No claim can be litigated by complainant in this cause, except such as may be asserted by the defendant. The decree cannot be binding against strangers to the title and parties in this suit. We can see, therefore, no reason for requiring of complainant any proof of title beyond that which, when making out a presumptive case against the defendant, has not been met by any proofs adequate to shake or destroy it." And the same doctrine is reasserted in Rayner v. Lee, 20 Mich. l. c. 388. In Loomis v. Roberts, 57 Mich l. c. 288, the same court said: "The defendant's solicitor contends that it was incumbent upon the complainant to substantiate and clearly establish his title as alleged; and he claims that it was indispensable for him to trace his right to the legal title by a continuous chain to Pettibone; not through the quitclaim deed direct from Pettibone to him, but through the intermediate contract and conveyance alleged." But the court held that if the complainant made out a presumptive case against the defendant which had not been met by any proofs adequate to shake or destroy it, it was sufficient under that statute. This brings us then to the consideration of the respective rights of the plaintiff and the defendant. In this case, the lands in suit were shown to be unoccupied timber lands. On the part of the plaintiff he offered in evidence a warranty deed for the land in suit, from one Horace M. Hedden and wife, of date January 4, 1895, duly recorded. He also offered in evidence, that in the

year 1875, the said Horace M. Hedden had received a warranty deed from Reuben Spaulding and wife, to the said lands, and that diligent search had been made by the said Hedden for the said deed from Spaulding to himself, and that he could not find the same, but that his best recollection was that at the time he conveyed the said lands to the plaintiff, Graton, he had sent Spaulding's deed to plaintiff, and there was evidence by the plaintiff himself that he had made due and diligent search for the said deed, and could not find it, and the further proof that the court house of Wayne county had burned in 1892, and with it the record of all the deed recorded in the recorder's office of said county at that time. In addition to this it was shown in evidence that Reuben Spaulding had been dead for twenty years prior to the trial of this cause, and that his widow had been dead for eighteen years, and the plaintiff had been unable to find any of his living relatives, and for that reason he was unable to find the original deed from Lysander Greenman and wife to said Spaulding.

Hedden testified that he had at one time the deed from Greenman to Spaulding to said lands, and that he was under the impression he had sent that deed with the abstract of title, with his own deed to the plaintiff. And that he had made diligent search therefor among his papers and could not find the same. The record of this deed was likewise destroyed when the courthouse of Wayne county was burned in 1892. The evidence further shows that Hedden had the old patent from the Government to Orrick, the original patentee, which he thought he had sent to plaintiff when he conveyed the land to plaintiff, but was not sure that he had, but that he had examined for these papers and could not find it; that he, Hedden, had paid the taxes on this land from 1875, when he purchased same from Reuben Spaulding, up to 1894, and the testimony of the plaintiff shows that he had paid all these taxes on this land for the

years 1895, 1896, 1897, 1898, and produced the tax receipts therefor; that in September, 1896, he inquired of the collector of Wayne county as to what taxes were due and unpaid on this property, and the collector did not inform him that any taxes were delinquent for the year 1894; that he learned for the first time in October, 1899, that the lands had been sold in 1898 for the taxes of 1894, although he had paid in January, 1899, the taxes for 1898.

This brings us to the other phase of this case. When the collector brought suit for the taxes of 1894, he made as defendants, W. Reener Orrick, the original patentee, Henry J. Martin, Lysander B. Greenman, Reuben Spaulding, Horace M. Hedden and Henry G. Graton. The plaintiff, as a part of his case to establish that the defendant, The Holliday-Klotz Land & Lumber Company, was making an adverse claim to these lands, offered and read in evidence the sheriff's deed to the said company, purporting to convey all the right, title and interest of the said Spaulding, Hedden and plaintiff in and to said lands. That this sheriff's deed was absolutely void because not acknowledged by the sheriff as required by law, there can be no doubt whatever. [Ryan v. Carr, 46 Mo. 483; Adams v. Buchanan, 49 Mo. 64.]

In this manner plaintiff showed that he and the defendant were claiming title under and from a common source. The contention of the defendant that by the introduction of this deed without objection the plaintiff proved too much and showed title in the defendant is in our opinion without merit. He simply in this manner showed that the only claim of which he was advised which defendant had to this property was this void sheriff's deed.

It is true the defendant cites us to Baird v. Hospital Association, 116 Mo. 419, as holding that this sheriff's tax deed was not void, but that case does not establish its contention. BLACK, C. J., speaking for the

court, says: "The sheriff's deed was not acknowledged, and for that reason did not convey the interest of Baird. Though invalid as a conveyance, it is good as color of title; and according to the abstracts of the evidence before us, it was admitted on the trial that the defendant and those under whom it claims have been in the adverse possession of the land ever since 1841, a period of thirty years before the commencement of this suit." It will thus be seen that in that case the sheriff's deed, though void, was admitted simply for the purpose of showing color of title in connection with the adverse possession of thirty years. It is obvious that no such state of facts was shown in this case, because the defendant in this case took said void sheriff's deed on the 2d day of August, 1898, and put it to record on the 2d day of September, 1899, and this action was brought to the February term, 1901.

When the plaintiff had established that the record of deeds in Wayne county had been burned or destroyed by the fire which burned the court house in 1892, and had made proof of diligent search for the deeds from Spaulding to Hedden, and Greenman to Spaulding, it was entirely competent to establish the existence of those deeds by parol, as was done by the evidence of Hedden and the plaintiff in this case. It is a significant fact that, notwithstanding the destruction of the records of the county when the collector brought suit for the taxes of 1894, he should name Greenman, Spaulding, Hedden, Orrick and Martin as the record owners of the land against which he asked judgment for the taxes for 1894. The evidence of the plaintiff tended to show or establish that Greenman had conveyed to Spaulding, and Spaulding to Hedden, and Hedden to plaintiff, and the evidence shows that Spaulding had been dead for twenty years, and therefore the judgment against him was void, and that Hedden had conveyed all of his title by warranty deed to plaintiff, and hence the defendant did not and could not acquire

any title by the purchase of their interests. The evidence further was that neither Orrick nor Martin, during all of the years from 1875 to 1895, had ever paid any taxes or made any claim of ownership of the land. It is a well-established rule in actions of ejectment, that where both parties assert title from a common grantor and no other source, it is not usually necessary for the plaintiff to go back of the common source in order to prove a title upon which he can recover. It is enough that he show a better title through a common source than the defendant can show through the same source. [Worley v. Hicks, 161 Mo. 1. c. 348, and cases cited.]

That the plaintiff was a record owner of the land by virtue of his warranty deed recorded January 7, 1895, before the tax proceedings were begun against him, is obvious. And it would seem that it was the purpose of the attorney for the collector to make every owner of the land from the, original patentee, Orrick, down to and including the plaintiff, the defendants in that action, and this action on his part indicates that from some source, an abstract of title or otherwise, he had traced the ownership of this land through the same parties under which the plaintiff claims title. When the defendant purchased at said tax sale, it bought the right, title and interest of the plaintiff and took with notice of the plaintiff's claim, as well also as of plaintiff's recorded deed, and considering the burning of the records and the attitude in which that fire placed the plaintiff by destroying the evidence of his title, and the fact that in ejectment the rule is that the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's, and yet, it is sufficient even in ejectment to show that both plaintiff and defendant claim under the common source of title, it seems to us that we violate no rule of justice, in the circumstances of this case, in applying that doctrine to the facts be-

fore us, and in holding that as against the defendant, whose only assertion of title is a void deed purporting to convey the plaintiff's interest, it was sufficient to show that plaintiff was claiming the land under a warranty deed duly recorded, and that defendant's only title thereto was the void sheriff's deed above noted. We are strengthened in this view by the further consideration that the State through its law-making power deems it sufficient in the enforcement of its taxes to make the last *record owner* the defendant in these tax suits, and if the recording of plaintiff's deed is deemed sufficient evidence of title to justify the taking of the property, when these tax proceedings are regular, we can see no reason why the same evidence of title will not suffice as between such record owner and one who claims his title under that record owner when the proceedings are void.

Not only was the defendant's deed void, because the same was not acknowledged as required by law, and the uniform decisions of this court, but it is clear that he acquired no title as against plaintiff by virtue of the judgment in the said tax proceedings, because in that case it is not pretended that plaintiff was personally notified of the commencement of the suit, and the files of the court and the record of that case disclose that the only service upon plaintiff was by an order of publication which was not directed to plaintiff, but to one Henry C. Grafton, and the foundation for said order of publication is an allegation in the petition that Henry C. *Grafton* was a non-resident of the State of Missouri, and no affidavit or statement in the petition charged the plaintiff Graton with being a non-resident of this State. It is true the defendant insists that *Graton* and *Grafton* are *idem sonans,* and a large number of cases are cited on that subject, but the rule announced by this court in Robson v. Thomas, 55 Mo. l. c. 583, to-wit, ''that names are *idem sonans* if the attentive ear finds difficulty in distinguishing them when

pronounced, or common and long-continued usage has by corruption or abbreviation made them identical in pronunciation," is now the accepted doctrine of this court, and applying that rule, it cannot be said that *Grafton* and *Graton* are *idem sonans*. [Whelan v. Weaver, 93 Mo. 430.]

The judgment in the tax proceedings, as against plaintiff, is void for this additional reason. Our conclusion is that the learned circuit court erred in holding that the plaintiff had not shown a presumptively good title as against the defendant, and in dismissing his bill, and that the judgment should have been one establishing the title of plaintiff as against the defendant. Accordingly the judgment is reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

All concur.