E. W. JOHNSON, Defendant in Error, v. ROY McABOY and EMMA MORGAN, Plaintiffs in Error.—No. 38320.—169 S. W. (2d) 932.

Division One, April 6, 1943.

*R. A. Pearson* for plaintiffs in error.

*Emerson Foulke* for defendant in error.

DALTON, C.—Action at law to quiet title and in ejectment for described' lands in Jasper County. The two counts are in usual form under Sec. 1684, R. S. 1939, and Sec. 1534, R. S. 1939, respectively. Plaintiff prayed damages in the sum of $50 for withholding possession of the described lands and $10 per month as the monthly value of rents and profits, until possession be delivered.

Defendants answered with a general denial and a cross petition in equity to set aside and cancel a certain tax deed executed by the Collector of Jasper County to plaintiff, dated November 30, 1940. This deed was executed under the Jones-Munger Tax Law. Laws 1933, p. 425, Art. 9, Chap. 74, R. S. 1939, Mo. R. S. A., sec. 11108 et seq. Defendants claimed ownership of the described lands, alleged that plaintiff claimed under the tax deed sought to be set aside, and charged that said deed was void because of gross inadequacy of consideration and other grounds. Defendants prayed the court to quiet title in defendants, subject to a lien, taxes, interest, penalties and costs paid, et cetera, plus 10% thereof, and for other equitable relief. The reply is a general denial.

The court quieted title in plaintiff, awarded plaintiff judgment for possession with no damages, and fixed the value of monthly rents and profits at $5.00 per month, until possession be restored to plaintiff. Defendants bring the cause here on writ of error. For convenience we shall refer to the parties as in the original cause.

On November 14, 1938, the described lands were delinquent on the Collector's books for State and County taxes for 1934 to 1937, inclusive, for a total of $79.05 (including taxes, interest, penalties and charges). On that date the lands were sold by the collector at public auction to plaintiff for the sum of $79.05. A "tax sale certificate of purchase" in regular form was issued. Section 11127 and Sec. 11133, R. S. 1939. Thereafter, plaintiff paid the 1938, 1939 and 1940 taxes assessed against the described lands, and on November 30, 1940, the two year period for redemption having expired, plaintiff obtained a tax deed in due form from the Collector. Section 11149 and Sec. 11150, R. S. 1939. The deed was recorded January 24, 1941.

Defendants claim under a deed from their father dated March 18, 1932, and recorded November 26, 1934. Defendants had been in

possession of the described lands from the date of the deed. On April 18, 1940, defendants' sister, as their agent, obtained a written statement from the county collector's office showing taxes, interest, fees, etc., against the described lands as follows: 1937, $20.40; 1939, $16.60. The statement bore the notation: "If paid on or before April 30, 1940, total amount $36.64." When requesting this statement, defendants' agent asked the deputy collector if there had been any tax suits or any sale of the property and she was advised there had been none. On November 18, 1940, defendants' agent obtained a written statement from the collector's office showing taxes on the described lands as follows: 1937, $20.98; 1939, $17.55; and 1940, $14.98. On this occasion defendants' agent inquired of a deputy collector whether there had been any sale of the property ▉▉▉ and was advised that there had been none. Thereafter, defendants' agent learned that someone was claiming the property and returned to the collector's office and asked the deputy to be pretty sure, because someone was claiming the property as a purchaser. The deputy "looked it up" a second time, found the prior sale (sale November 14, 1938, deed November 30, 1940) and said, "I am sorry there has been a sale on that piece of ground." The Collector (as a witness for plaintiff) testified that apparently this second statement was issued during the month of December, 1940, since it bore the notation, "If paid before December 31, 1940." On March 11, 1941, defendants' agent obtained another written statement from the collector's office of state and county taxes on the described lands as follows: 1938, $19.80; 1939, $18.17; 1940, $16.10, "total amount $54.15." On this occasion a deputy collector told her he didn't know the land had been sold at first, "that it didn't show up on the books for a long time." It will be noted that the first two statements omit the 1938 taxes shown on the last statement, but include the 1937 taxes for which the property was sold.

Some of the above evidence appears to have been offered upon the theory that, except for such evidence, the court might refuse relief upon the theory that equity will not relieve a person from the consequences of his own negligence and carelessness. Miller v. St. Louis & K. C. Ry. Co., 162 Mo. 424, 441, 63 S. W. 85; Thompson v. Lindsay, 242 Mo. 53, 76, 145 S. W. 472; Brown v. Fagan, 71 Mo. 563, 568; Klebba v. Struempf, 224 Mo. App. 193, 23 S. W. (2d) 205, 207. Also, see, Campbell v. Daub, 349 Mo. 153, 159 S. W. (2d) 683.

The lands in controversy consist of an unimproved forty acre tract near the west city limits of Webb City. Thirty-three acres are tillable, two or three acres are subject to railroad right of way and some land is subject to an easement for road purposes. Defendants' witnesses fixed the value of the property in November, 1938, at from $40 to $50 per acre. There was also evidence that plaintiff had offered to sell to defendants' agent and to defendants' tenant for $1000.

The assessed valuation in 1938 was $1060 and, according to the assessor, this represented the value of the lands at that time and at the time of the trial. Defendants' agent testified that, upon discovery of the sale to plaintiff, she offered to refund all taxes and expenses to plaintiff and pay a bonus of about $300.

Defendants (plaintiffs in error) contend that the judgment is unsupported by the evidence or the law under the evidence; and that the court erred in denying defendants relief in equity in view of the evidence of gross inadequacy of consideration, "joined with mistake, surprise and other equitable features." There are other assignments of error, but, in view of the conclusions we have reached, only the question of gross inadequacy of consideration paid need be considered.

While the original cause was at law, the cross petition stated a cause of action in equity and sought affirmative equitable relief, to wit, the cancellation of the tax deed under which the plaintiff claimed, and the quieting of title in defendants. The cause is, therefore, in equity. Ebbs v. Neff, 325 Mo. 1182, 30 S. W. (2d) 616, 619; Crawford v. Amusement Syndicate Co. (Mo. Sup.), 37 S. W. (2d) 581, 584.

A prima facie case "of good and valid title in fee simple" in plaintiff was made out by the tax deed of November 30, 1940. Section 11150, R. S. 1939, Mo. R. S. A., sec. 11150. See, also, Delta Realty Co. v. Hunter, 347 Mo. 1108, 152 S. W. (2d) 45, 48(1). But plaintiff further contends that he holds title from the State of Missouri, under a proceeding in rem, and without reference to the prior ownership of the lands; that there is no common source of title; that defendants, having asserted title, must prove it and stand or fall on the strength of their own title; that defendants have shown no title; and that the judgment must be affirmed.

In proceedings under Sec. 1684, supra, the court determines "the title, estate and interest of the parties severally in and to such real property" and when requested "may award full and complete relief, whether legal or equitable, to the several parties." The court ascertains and determines the rights of the parties under the pleadings and evidence, grants such relief as may be proper, and determines the better title, as between the parties to the proceeding, though a title superior to the rights of either may be held by a stranger. Barr v. Stone (Mo. Sup.), 242 S. W. 661, 664(6); Deal v. Lee (Mo. Sup.), 235 S. W. 1053, 1055; Felker v. Breece, 226 Mo. 320, 332, 126 S. W. 424; Maynor v. Tyler Land & Timber Co., 236 Mo. 722, 728, 139 S. W. 393; Hunt v. Hunt, 307 Mo. 375, 270 S. W. 365, 367; Barnett v. Hastain (Mo. Sup.), 256 S. W. 750, 752; Bernero v. St. Louis Union Trust Co., 287 Mo. 602, 230 S. W. 620, 625; 44 Am. Jur., p. 39, sec. 50.

Plaintiff claims title as against defendants, and defendants claim title as against plaintiff and ask affirmative equitable relief.

The burden of proof rested upon the respective parties to prove a better title than the other and the right to the relief asked. Hoffman v. Bigham, 324 Mo. 516, 24 S. W. (2d) 125, 130; Barnett v. Hastain supra.

It appears from the evidence that defendants were in possession of the described lands, under claim of ownership and color of title, prior to the accrual of the lien for state and county taxes and the alleged foreclosure of such lien by a tax sale to plaintiff. Defendants, therefore, have the right to challenge the sufficiency of the foreclosure proceedings and the tax deed, which, if valid, gave plaintiff a superior title. On the other hand, in the event the tax deed be declared void and be set aside, defendants are entitled to a decree of title as against plaintiff. A party in possession under claim of ownership has a better title than one who has no title or possession. Dowd v. Bond (Mo. Sup.), 199 S. W. 954, 956; Dolphin v. Klann, 246 Mo. 477, 489, 151 S. W. 956; Matney v. Graham, 59 Mo. 190, 192; Kelso v. Hubble (Mo. Sup.), 163 S. W. (2d) 926; 44 Am. Jur., p. 37, sec. 44; 51 C. J., p. 172, sec. 74. See, also, Gage v. Cantwell, 191 Mo. 698, 704, 91 S. W. 119; Graton v. Holliday-Klotz Land & Lmbr. Co., 189 Mo. 322, 337-338, 87 S. W. 37.

Plaintiff contends that defendants failed to present any evidence in the lower court which would justify the lower court in granting relief on defendants' pleadings. Plaintiff says the showing of inadequacy of consideration is not sufficient to justify setting aside the tax deed on that ground alone. It is further contended that real estate purchased at a tax sale does not have the same value as on the ordinary terms of a private sale, because the title secured is not merchantable, no abstract of title is furnished, possession of the land is not delivered, and the purchaser is buying a lawsuit or a chance of one; and that the best test of value in such cases is the sale price arrived at by competitive bidding. It is unnecessary to consider this contention, since no evidence was offered in support thereof.

In Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. (2d) 813, the court en banc set aside a tax sale under the Jones-Munger Tax Law, where a consideration of $11 was paid for real estate worth at least $2000, and it was held that the consideration was so grossly inadequate and unconscionable as to amount to fraud, requiring the sale to be set aside, notwithstanding plaintiff's failure to redeem within the two years from date of sale, as provided by the act for such redemption. That case has been followed and the same result reached in Mahurin v. Tucker (Mo. Sup.), 161 S. W. (2d) 423 (where lands valued by plaintiffs at $700 and by defendant at $400 were sold for $2.50); in J. C. Nichols Inv. Co. v. Roorback (Mo. Sup.), 162 S. W. (2d) 274 (where lands worth $1000 were sold for $40); and in Kennen v. MacFarling, 350 Mo. 180, 165 S. W. (2d) 681, 684 (where lands having a value in excess of $500 were sold for $1.00).

See, also, Kelso. v. Hubble (Mo. Sup.), supra; Campbell v. Daub, supra; Black v. Banks, 327 Mo. 341, 37 S. W. (2d) 594, 598; and State ex rel. Koeln, Collector, v. Sanders, 326 Mo. 76, 30 S. W. (2d) 986.

In this case forty acres of land worth from $1000 to $2000 was sold for $79.05. In line with the cases, cited, supra, and recently decided, most of them involving sales under the Jones-Munger Tax Law, we hold that the consideration paid for the land in question was so grossly inadequate as of itself to amount to fraud.

There is no contention that the cross petition, mentioned supra, does not fully comply with the provisions of Sec. 11179, R. S. 1939, providing that in the event of a suit to set aside or cancel a tax deed the petitioner shall offer to refund all taxes, interest, et cetera, and in the event of recovery that such taxes shall be a lien upon the lands recovered. It is, therefore, immaterial that plaintiff did not expressly proceed under Sec. 11169, R. S. 1939, to quiet title and, in the event that his title be invalid, to recover taxes paid, interest, et. cetera, as therein provided.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment as prayed for in the cross petition, but subject to plaintiff's rights as mentioned in Sec. 11169 and Sec. 11179, supra. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.