T. J. HALL and L. Alice Hall, Respondents,

v.

Bryan HUDGINS, Clay Hudgins and Francis Hufford, Appellants.

No. 44448.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied April 11, 1955.

Randolph & Randolph, St. Joseph, E. E. Richards, Jr., Oregon, Mo., for appellants.

Pettijohn & Eiser, Oregon, Mo., for respondents.

HYDE, Judge.

Action to quiet title to real estate. The trial court directed a verdict for plaintiffs and entered judgment adjudging them to be fee simple owners. Defendants have appealed.

█ The land involved formed as an island in the Missouri River off the Holt County shore but on the Kansas side of the main channel. During the 1944 flood the channel changed to the opposite side of the island and it gradually became attached to the Holt County except for a small chute between it and the high bank. In 1949, Missouri and Kansas by legislative acts, Laws Mo.1949, p. 311; Laws Kan.1949, p. 837, fixed the boundary between them as the center of the channel of the Missouri River "subject only to changes which may occur by the natural processes of accretion and reliction, but not by avulsion." These acts were ratified by the 81st Congress of the United States by a joint resolution approved August 3, 1950. 64 U.S.Stat. 397. Each state relinquished to the other all lands lying on its side of the center of the channel of the Missouri River.

Plaintiffs claim under a patent issued by Holt County January 18, 1954. (See Secs. 241.290–241.340, statutory references are to RSMo and V.A.M.S.) Defendants contend that, since this island formed in Kansas and became part of Missouri by the above mentioned legislative acts, it is not a part of Holt County but is owned by the State of Missouri, as land separate and apart from any county. They say an act of the General Assembly would be required to make it a part of Holt County. Therefore, they contend that the Circuit Court of Holt County has no jurisdiction to try and determine title to this land because they say that no part of it is in Holt County, citing Sec. 508.030, requiring actions affecting title to real estate to "be brought in the county where such real estate, or some part thereof, is situated."

However, on this theory defendants would have no interest in the land and the issue of its ownership would be a moot question so far as they were concerned. This is true because their only claim is by adverse possession and Sec. 516.090 provides that "nothing contained in any statute of limitation shall extend * *. * to any lands belonging to this state." See Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008. Thus, even on their own theory, defendants were entitled to no relief and their appeal would have to be dismissed.

Nevertheless, we think the court had jurisdiction and properly directed a verdict for plaintiffs. We think the General Assembly has already sufficiently provided for such a situation. Sec. 46.010 provides that "whenever a county is bounded by a water course, it shall be construed to be the middle of the main channel thereof". (For boundaries of Holt County see Sec. 46.093.) Although the island herein involved no doubt was a part of Kansas when formed, and remained so after the channel changed by avulsion in 1944, it became a part of Missouri by the legislative acts of 1949 and 1950. Thereafter, it was located ("situated" Sec. 508.030) in Holt County, and was at the time this suit was brought in 1954, regardless of whether the state or the county owned it, because it was then on the north and east side of the middle of the main channel of the Missouri River, which ran southeast at that point. (Our Supreme Court Building is owned by the State but it is undoubtedly situated in Cole County.) Thus the Circuit Court of Holt County had jurisdiction of plaintiffs' suit to determine whether their patent from the county gave them title. The state has made no claim of ownership; it was not a party to the suit and is not bound by the judgment if it does have any claim to this land. Certainly defendants have no authority or standing to assert a claim for the state.

■ Defendants asserted a claim of their own based on ownership by adverse possession. Their claim could only have been good on the theory of ownership of the island by the county, because Sec. 241.330 relaxes the rule of Sec. 516.090 so as to authorize the operation of the statutes of limitations as to islands (formed in navigable waters) owned by counties so that this defense applies to the same extent as if they were owned by individuals. (Because of the view we take of defendants' evidence, it is not necessary to decide whether this applies to islands formed after the act of 1895. See Laws 1895, p. 207.) Therefore, defendants' claim of adverse possession could only be considered on the theory that the county became the owner of the island. (Of course, the county could not have become the own-

er prior to 1949 because the land was then a part of Kansas but we do not reach the question of whether the statute could begin to run before that time.) Whatever the status of the island may have been, defendants failed to prove a claim of ownership by adverse possession. (They did not ask that the title be adjudged in them but only asked for dismissal of plaintiffs' suit.) They claimed to have pastured cattle on it but it was admitted they owned no cattle after 1947. Although they claimed to have fenced it, they only had a fence that ran across their own land on the river bank to the end of the island but did not enclose it. Moreover, they admitted they had no fence on it, prior to 1945, so that whatever fence they had was there less than ten years prior to the time this suit was commenced. Furthermore, in 1946 they made a written application to buy this island from the county and continued to keep this application on file. They stated in this application that the title to "said real estate is vested in said Holt County." Thus, as said in Hecker v. Bleish, 3 S.W.2d loc. cit. 1017: "the record herein fails to disclose any substantial evidence of actual, adverse, continuous, and uninterrupted possession" by defendants and that "while there is some slight evidence of desultory possession at different times" nevertheless there is no substantial evidence "that such possession was continuous, uninterrupted and unbroken, or that such possession was held under claim of ownership or title." That is our view of this record and we hold the court ruled correctly in directing the verdict.

■ The principles involved are that "one seeking to quiet title or remove a cloud thereon must succeed on the strength of his own title and not on the weakness of his adversary's title"; and that "plaintiff need not show a title good against the whole world but only against defendant." 74 C.J. 41–42, Sec. 17. "A bill to quiet title may not be defeated by showing that the complainant's claim or interest, otherwise sufficient to support the bill, is subject to possible superior rights in third persons who are not parties to the suit; but it is enough that the interest asserted by the complainant in pos-

session of the land is superior to that of those who are parties defendant." 44 Am. Jur. 39, Sec. 50. "A party in possession under claim of ownership has a better title than one who has no title or possession." Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 932, 935, and cases cited. It is therefore, not necessary for the determination of this action to decide whether ownership of the island was vested in the state or the county by the 1949 and 1950 legislative acts.

The judgment is affirmed.

All concur.