Joseph E. RITTER, Archbishop of St. Louis, Respondent,

v.

PATTONVILLE CONSOLIDATED SCHOOL DISTRICT R–3, a Public Corporation, Intervenor-Appellant.

No. 46656.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

Norman C. Parker, St. Louis, for appellant, Flynn, Parker & Badaracco, St. Louis, of counsel.

Bernard J. Huger, Walter H. Pollman, St. Louis, for respondent.

COIL, Commissioner.

Respondent, plaintiff below, Joseph E. Ritter, the duly appointed and acting Archbishop of St. Louis, brought an action to quiet title to part of Block 37 within the corporate limits of defendant, The Inhabitants of The Town of Bridgeton, a municipal corporation, and within the Roman Catholic Archdiocese of St. Louis. The sole appellant is Pattonville Consolidated School District R–3, a corporation organized and existing under the laws of Missouri pertaining to school districts, who, by leave, intervened as a defendant below. The trial court adjudged that fee simple title was in plaintiff and that neither defendant had any title to or interest in the real estate.

The School District's sole claim to title was and is that defendant Town of Bridgeton was vested with title to the property and held it as trustee for public school purposes pursuant to the provisions of an Act of Congress dated June 13, 1812.

The case below was tried upon stipulations of fact and upon evidence adduced by plaintiff. Neither defendant adduced any

evidence at the trial and there is no fact contained in the stipulations which bears upon or relates to School District's claim that title is vested in it or in the town as trustee by the Act of Congress of June 13, 1812. Consequently, School District's claim to title must be based solely upon the language of the Act standing alone and unaided by evidence of any kind.

The pertinent portion of that Act, 12th Congress, Session I, Chapter 99, June 13, 1812, U.S. Statutes at Large, Vol. 2, p. 748, is Section 2 thereof, which provides: "That all town or village lots, out lots, or common field lots, included in such surveys, which are not rightfully owned or claimed by any private individuals, or held as commons belonging to such towns or villages, or that the President of the United States may not think proper to reserve for military purposes, shall be, and the same are hereby reserved for the support of schools in the respective towns or villages aforesaid: *Provided,* that the whole quantity of land contained in the lots reserved for the support of schools in any one town or village, shall not exceed one twentieth part of the whole lands included in the general survey of such town or village."

The difficulty with School District's position that it had title by virtue of the foregoing language is that there was no evidence, direct or circumstantial, tending to show that the real estate in question was one of the lots described above or that the quantity of land otherwise reserved for the support of schools in the Town of Bridgeton did not equal one twentieth of the whole lands without the inclusion of the real estate in question. In other words, there was no evidence that part of Block 37, the real estate in question, was a lot "not rightfully owned or claimed by any private individuals," or was not a lot "held as commons belonging to such towns or villages," or was not a lot "that the President of the United States" thought "proper to reserve for military purposes"; and likewise there was no evidence that one twentieth of the whole lands included in the

general survey of the town was not in fact reserved for the support of schools without the inclusion of the real estate here involved.

The only evidence relating to the question of whether Block 37 was a "school lot" pursuant to the provisions of the Act of June 13, 1812, was adduced by plaintiff. School District objected to its admission and here contends that the trial court erred in admitting such evidence. As will appear, we need not rule upon the admissibility of that evidence, but we nevertheless point out that such evidence consisted of two photostatic copies of plats of surveys of the Town of Bridgeton, each dated January 16, 1845, certified as copies of the plats in the office of the Bureau of Land Management, Department of the Interior, and showed that Lot or Block 37 was not designated as a school lot but was shown as a church lot. It follows that School District's claim was not aided by any evidence adduced by plaintiff.

Defendants Town and School District did not claim below, and School District does not claim here, any right, title, or interest in the real estate in question except by virtue of the provisions of the Act heretofore quoted and discussed.

The parties stipulated that plaintiff and his predecessors in office had occupied and used the real estate in question from the year 1852 continuously until the time of trial under the name of St. Mary's Catholic Parish, that from 1852 until 1952 a church building was continuously used on that real estate, and that, after the removal by plaintiff of the church building in 1952, the tract was still improved by a school building not presently used, a parish house, formerly the residence for parish priests and which it was shown was presently occupied by a caretaker, and a frame building used at the time of trial as a parish recreational building. It is admitted, then, that plaintiff has been in continuous uninterrupted possession of the real estate in question since 1852 and has used it continuously for church purposes, apparently exercising the usual rights of an owner of land.

It is clear that under the foregoing facts and circumstances we need go no farther than to hold in this action, in which plaintiff need not show good title against the whole world but only against instant defendants (Hall v. Hudgins, Mo., 277 S.W.2d 637, 639 [3–5]), that, inasmuch as a "party in possession under claim of ownership has a better title than one who has no title or possession" (Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 932, 935 [6, 7]), the trial court correctly adjudged title in plaintiff. Gaskill v. Cook, Mo., 315 S.W.2d 747, 754 [1].

School District's further contentions that unless the title is in it by virtue of the Act of June 13, 1812, title remained in the United States and that plaintiff may not assert adverse possession against the United States, that plaintiff failed to prove that its initial possession was hostile or exclusive, that "the statute of limitations does not apply to School District because it is a public use," that to permit plaintiff to acquire title to the real estate by adverse possession would violate specified sections of the Missouri Constitution, and that the court erred in admitting the evidence heretofore referred to, all are matters of which appellant School District may not complain. Inasmuch as the evidence showed that defendants below had no title to the land in controversy, appellant School District is not aggrieved by a judgment that title is in plaintiff who showed a better title than defendants, and may not complain thereof. Baugh v. Grigsby, Mo., 286 S.W. 2d 798, 803 [5, 6, 7]. The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.